IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PHILLIP A. TALLEY, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 06-G-4820-E |
| | ) |
| CITY OF MOODY, | ) |
| | ) |
| Appellee. | ) |

MEMORANDUM OPINION

This cause is before the court on appeal from an order entered by the Bankruptcy Court for the Northern District of Alabama awarding summary judgment in favor of the Appellees in Adversary Proceeding No. 06-400017-JJR. The court has jurisdiction pursuant to 28 U.S.C. §§ 158 and 1334.

STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

## DISCUSSION

On October 14, 2005, Phillip A. Talley ("Talley") filed a Chapter 13 bankruptcy petition.  Thereafter he appeared in Moody City Municipal Court where he was threatened with incarceration unless he paid the traffic fine that he owed to the City of Moody.  Talley paid the fine to the City of Moody Municipal Court on November 18, 2005. On January 13, 2006, Talley brought an adversary proceeding against the City of Moody alleging that it forced him to pay, post petition, a traffic fine in violation of the bankruptcy stay.  After discovery, the City of Moody filed a motion for summary judgment.  On September 13, 2006, the bankruptcy court granted the City of Moody's motion, basing its judgment on the legal finding that efforts to collect on traffic fines are the continuation of a criminal proceeding, which is exempted from the automatic stay under 11 U.S.C. § 362(b)(1).

Having considered the record and applicable law, the court is of the opinion that the factual findings and legal conclusion of the bankruptcy court were correct.  After reviewing the relevant law, the court concludes that congress did not intend the automatic stay to prevent the collection of criminal fines under circumstances as those involved in the present case.

In another appeal arising out of Talley's bankruptcy case, <u>Phillip A. Talley v. Alabama Department of Public Safety</u>, Civ. Action No. 06-AR-4819-E, Judge Acker held that Talley could not utilize the automatic stay to prevent his driver's license being revoked because of his failure to pay traffic fines. Judge Acker rejected the same arguments Talley makes in the present case. The court adopts the reasoning of Judge Acker and his opinion is attached hereto as Exhibit #1.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 28 February 2007.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.